Oyez! Oyez! All persons having business with the Honorable United States Court of Appeals for the Third Circuit are admonished to draw near and give their attention, for this court is now in session. God save the United States and its Honorable Courts. Please be seated. Good afternoon. Oh, wow. Can we get Judge Mortimer closer to me? I can hear you, Judge. I know, but we can't see it. It was shifted slightly the other day, but... I don't know if you can do that right now. Well, I'll certainly try. Okay. He was here. Good morning, Ruggie. Good morning, Dolores. I'm sorry you can't see me. Well, we're going to make it up. Why don't you change that? Okay. I mean, life wouldn't be worth living if I couldn't see you. Okay, we have to remember that there's a camera up here that has to be able to capture the attorney as well. But we had it on Tuesday. Okay. We did it with Judge Wise. It was sitting right on my lap. Well, how's that? Is that okay? Now, you have to ask Judge... I can see Judge Olsen fine. Okay. How's that? That'll be okay. Okay. I think many of you who come here pretty often know that we have this video conferencing, which permits judges who are at a distance that doesn't allow them to come to argument, for one reason or another, to come to argument, to join us and to participate in the oral argument. And we did it with Judge Wise in Pittsburgh on Tuesday. And we're doing it with Judge Olsen in sunny California today. But the weather here is great, Rudy, so we're sorry you're not here. Perfect day. Well, I'm sorry I'm not there to join my colleagues. Okay. All right. We will hear... I haven't said all that. We will hear argument in Frederico v. Home Depot. May I please report? My name is Khalil Al-Hassan, appearing on behalf of the appellant, Janelle Frederico. And before I start, I would like to request six minutes for the rebuttal time. Six minutes. That's fine. Okay. Mr. Al-Hassan, let me just tell you that the matter that we ask you to argue before us on is the question of our jurisdiction. And particularly we're held in... I have an argument. On the amount of controversy, your client... Let me see. Oh, no. You're the appellant, so you represent Frederico. Yes, Your Honor. So you're really not the main person on this, but you go ahead and comment too. Okay. Well, my first argument, I would just like to say that there is no jurisdiction. The respondent, Home Depot, had the burden of proving to legal certainty that the amount in controversy was $5 million or more. But can't they base that on what you say in your complaint? On my complaint, there is nothing in my complaint that specifies what the amount of damages sought are, Your Honor. Well, but there are underlying facts. There are underlying facts. And Home Depot has said that based on these underlying facts, if they are accepted as true, which one does at this point, that would support jurisdiction because you talk of thousands of similarly situated persons. Well, there are two things to say about that, Your Honor. The first is that if you take the complaint and let's just extrapolate it, there are damages of $250, which is similar to the damages that are sought by plain and fair legal itself. $279, something like that. Correct. But there were some fees over there that were legit. We're only seeking related fees that we say are excessive. So that comes to somewhere around $250. If you multiply that by $2,000 or $10,000, it puts you in a range of between $500,000, half a million dollars, to $2.5 million. If you treble that under the CFA, it takes you up to a range of $1.5 million at a minimum to a maximum of $7.5 billion. Well, but they can get punitive damages and they can get counsel fee. And my question to you is why didn't you move to dismiss for at the time of the removal? Why didn't you move to dismiss or to remand on the ground that there was no federal jurisdiction? At the time of the rule, Your Honor, we assumed that there actually was federal jurisdiction, based on the assumption that because the maximum would have exceeded $5 million that that would have sufficed. But as it turns out, the burden is actually on the proponent of removal. And they cannot leave it to the court or the opponent to refute. Because in order for us to actually ascertain what the exact amounts are, Your Honor, we would have had to go into the records, the business records, during the time period. But you could have done that. You can do that in discovery. We're about to ask them. I'm telling Home Depot's lawyers we're going to ask them what they did. But it's sort of unfair for you to sit back after having an adverse – I mean, you didn't even – nobody raised jurisdiction. This court, on its own motion, and I'm pointing to myself, raised the jurisdictional issue. It's sort of unfair to you to say now, well, we want to go back to the state court. Shouldn't we assume that your silence suggests that you agree that there was $5 million in controversy after aggregation, as we can do under CAFA, 1332D? Our silence indicated that we thought that because there was a possibility that the amounts could exceed $5 million, that that's all that CAFA required. And bear in mind, Your Honor, at the time this complaint was filed, CAFA was a relatively recent statute, so there hadn't been that much. It's a very clear statute, unlike some of the others we'll deal with today. Correct, Your Honor. However, I'd just like to point out that our assumption was that the maximum possible is what defined whether you reached that threshold of over $5 million. But as it turns out, under one of the cases cited in Morgan v. Gate, and specifically that's Brill, a defendant's – Counsel, this is Judge Alderson. When you keep your voice up all the time, you're very strong, and then you drop the force of your speech. I cannot hear you when you drop your voice. I apologize, Your Honor. I'll try to be better on that. All right. But in the case of Brill, which is cited in Morgan v. Gate, it specifically stated that the defendant's burden goes beyond what amount could be in controversy to what the actual amount is in controversy. And the defendants, because they're the ones in possession of their own business records, are the party that's capable of ascertaining exactly what that amount, or at least the outside parameter of what the class of claimants could be. Is that getting into the merits of the underlying litigation? No, Your Honor. That's not even getting into the merits. That's just basically defining what are the parameters, what's the maximum number of potential plaintiffs in this class. For example, paragraph 18 of the complaint, which defines, which is the class definition, specifies that the class is consisting of basically New Jersey consumers who purchased or rented vehicles from Home Depot stores that did not have after-hour return facilities and were unable to return their vehicles until the following day. Defendants could have gone into their records and basically just came during that class period. How many returns did we have where there were late fees for a vehicle that was rented on one day but returned the next? Mr. Critchlow, this is Critchlow. I'm sorry. Until the Morgan case came along, the unfailing case law in the Supreme Court and other courts of appeal, if a plaintiff wants to challenge the jurisdiction, he has to do it in good faith and prove to a legal certainty. That is the responsibility of the plaintiff who asserts that we do not have federal jurisdiction. Am I right? Your Honor, I believe that the burden has always been on the defendant, on the proponent of removal to establish the basis. Sir, I am talking not on the burden. I'm talking about the burden on the part of the person seeking removal. I'm talking about the burden of the plaintiff who claims that there is not federal jurisdiction and that the plaintiff then has the burden. This starts off with, what is the case, Tennessee? It starts off with that saying you have the burden of proving good faith by a, it's a red cap case, I'm sorry, it's a red cap case. You have the burden of proving it to legal certainty. Now, am I not stating the law as it existed before Morgan? Honestly, Your Honor, I do believe that the burden is always on the proponent of removal, which is in this case is Respondent Home Depot. The burden is never on us as the appeals or the plaintiffs to do anything having to do with the amount of controversy. That's always, I submit that has always been the burden of the proponent of removal, which is always going to be the defendant. Well, sir, I know it's a burden, but we're talking about the extent of the burden now. And are you saying it was always on the person seeking removal to prove jurisdiction by legal certainty? I believe that to be the case, Your Honor. I could be mistaken, but my understanding is that yes. Give me a couple, give me a case before Morgan. Honestly, Your Honor. Inferentially before the Samuel Bassett case. Honestly, Your Honor, right now I don't know, but if you just give me some time, by the time I come to rebuttal, I would have pulled out one of these cases for you. Counsel, we ask you folks to be prepared to argue whether the Morgan case reflected a proper statement of the law. Now, are you prepared to say, to make a comment on that? I'm prepared to say that the Morgan case is the current state of the law in the Third Circuit, Your Honor. I know, but we are asking you to comment on it, because although this court does not have the power to alter that decision, we have the power to request an in-bank reconsideration of that case. Now, I'm asking you that before that case, what was the state of the law? I believe, Your Honor, that before that case, the state of the law was that the burden was always going to be on the party requesting removal. I'm going to ask you to comment, and I'm going to ask you, please do not say burden. I'm talking about the quantity of the burden. I'm talking about good faith and legal certainty. Now, do you understand this? I believe I do, Your Honor, and I believe... We ask you people to be prepared. We're talking about the standard. We ask you people to be able to discuss that. I should say, Ruki, that partly because of the time difference, my request to counsel probably didn't reach them until late yesterday afternoon, so that if they had other clients or other things to do, they may not have been able to respond as quickly, because you're on a different time level. So just... Now, let me ask you one other question before you sit down. Yes, Your Honor. It's an entirely different question. If this case gets remanded, now, it came out of New Jersey, right? Yes, Your Honor. Would the New Jersey court be bound by collateral estoppel, or I guess collateral estoppel, to the decision of the district court in the federal case? I believe, Your Honor, that if it's remanded as is... Actually, no, Your Honor, no. Now that I think about it, if the federal court never had jurisdiction in the first case, then the opinion of the lower district court would have been essentially altered. At least that would be my understanding. I don't know the answer to that. It just occurred to me, so we may ask you to be prepared for that, something we may have to look into. Okay, you've reserved a big chunk of time, so we'll get you back for your six minutes. Okay, thank you, Your Honor. Thank you. Thank you. Ladies and gentlemen, my name is Dwight Davis. I'm counsel for Home Depot in this matter, and I would like to go right ahead and start addressing this issue of the $5 million in controversy. Yeah, Matt, as I think our first letter said, what I'm interested in is your requirement under Rule 11 to plead in good faith. And as I see your response to our original inquiry, it is, well, we took what plaintiffs said at face value, and I'm not sure that under Rule 11 you can avoid your own responsibility. You made an affirmative move. Your client made an affirmative move to remove the case to the federal court. But what did you do to meet your Rule 11 requirement that in order to assert that $5 million is an issue? Your Honor, let me address that straight away. First, let me start with the proposition that Judge Roth once said in the opinion, I think it was Spellman v. Meridian. There is great confidence placed in the pleadings, the complaint. And we do start with that proposition. The plaintiffs alleged that there were tens of thousands, if not hundreds of thousands of members of the class, and that they then set out what their actual damages were and their punitive damages now. But they never said in the complaint, which I have in front of me, that the amount, they never pledged an amount in controversy. Correct, Your Honor. Therefore, did Home Depot have a Rule 11 obligation to do, as Rule 11 says, a reasonable investigation under the circumstances? And the answer to that is yes, Your Honor, we did. And we addressed that in our submission to you. Let me take an example, if you will. In the complaint, they said that there were tens, hundreds of thousands of people in this class, and yet our record shows that we had only rented five trucks in five years. Well, we know, then, that they could not be. It could not be. It would be a legal certainty that it could not be. In this particular case, we checked our records, and we knew that we had rented over 50,000 trucks per year during a four-year class period. There are well over 200,000 people that rented trucks. Now, I could not take the next step, however. So, again, mindful of my Rule 11 obligations, but also I can't take the next step in trying to prove the case against my client because they say that the class consists of people who were deceived. We would say there were zero people deceived. You understand that? Let's assume that the pleading as for minimal diversity and the pleading as to the more than 100, which is all you need for capital, more than 100, is a given. The question remains the amount of controversy. Do your records show how many of the renters had to pay a penalty and how much of the penalty? I could not determine that, Your Honor. The Home Depot's records, if you looked or if you sent it to the district court to determine, Home Depot's records wouldn't show how much of a penalty truck renters have to pay because they were late? Is there a penalty of simply having to rent a truck overnight as opposed to... Well, they call that a penalty. I could not, particularly on the short notice of our removal time period, we could not determine, again, was someone deceived? Why would they? Remember, there's two qualifications to be in the class. I'm not concerned about the merits about the deception. That's not the question. The question is, in good faith, how does the $279 fee come into $5 million? I'll explain that. That's the question. And we laid that out in our removal papers, which is very important to realize. The exact number, Your Honor, by the way, is $286. Those are the compensatory damages. Then they have a claim for punitive damages under the New Jersey law. They're entitled to five times actual damages, not the three times under the New Jersey Consumer Protection Statute, but five times. We multiply that. We tried to be reasonable. We didn't say that it was an open-ended, as some had argued in the Golden Week Golden cases, just because there's a punitive damages. We said, no, it's only five times. And then they're entitled to attorney's fees under the New Jersey Consumer Fraud Statute. Once again, we did not overreach. We tried to look at what was reasonable under the circumstances, and that would be 25%. So by the time you run the numbers, you realize that there would only have to be somewhere between 2,200 and 2,900 members of this class. Again, mindful of our Rule 11 obligations, we looked to see that there had been over 200,000 truck rentals during this time. Plaintiffs allege in their complaint that there's a pattern in practice. So there would not be much of a pattern if there wasn't at least 2% of the people that would fall into this theoretical class that they've outlined here. And so, therefore, the potential class could well have been 4,000 or more people. So setting all that methodology out, we more than met our burden of pleading. How was it that we got to $5 million? And you say all of that is set forth in your notice of removal? In the removal papers, yes, Your Honor. I'm looking at those now. Go ahead. Now, Judge Sliver, the very important thing you said that I did want to emphasize, you and I believe Judge Oliver said the same thing, why didn't the plaintiffs come forward with this? And I want to make sure that the record's very clear. This was not just silence on the plaintiff's part. The plaintiffs were asked, after we filed our removal papers by Judge Pisano, how is it that this case has been removed? And the plaintiffs, again, allege there are hundreds of thousands of people in this class. One other very important thing in the record, and sometimes this is overlooked, I know even thorough clerks sometimes will overlook this, page 1 of the plaintiff's brief in this court says that jurisdiction was proper in the court below. The first time, at any time in this record, that anyone from the plaintiff's side said that jurisdiction was improper was today at this podium. And that is improper. But you understand we have an obligation to check our subject matter jurisdiction. I agree with that. Irrespective. Let's get at Judge Aldersert's point, which I thought was a very good one. Judge Aldersert, as I understand, he doesn't want to use the word burden, but I think, let's say, whose responsibility or what is the standard? Maybe that's better than burden. I think standard is better. Okay. You want to ask your question then, Ruby, Judge Aldersert? What is the standard by which we judge whether the amount in controversy, allegations, lead to federal jurisdiction under Catholic? I understand that question, and I am prepared to address it. And I do believe that Morgan v. Gay was a departure from well-established procedure. We can't change it. I understand. We have to go back to change it. I'm still right, even under Morgan v. Gay. But I do think that it was a departure in a very important way. It was too broad in saying that it applied to all circumstances. Judge Aldersert, I think the correct analysis would be if the plaintiff in their complaint is either ambiguous or clearly leaves open the opportunity that there is more than $5 million in controversy. I think that it is the removing parties, the standard of proof that they have to come up with. You're keeping away from burden. I'm trying to avoid burden. Judge Aldersert will come down on you. Just coming up with making the statement in good faith, subject of your obligations under Rule 11, to say whether or not the $5 million in controversy has been met. Now the issue has been joined. As the court in Brill said, in this particular case, if the complaint is vague, ambiguous, or leaves open the possibility that there's $5 million at stake and the defendant now removes, that removal paper takes the place of the complaint. It serves the function of the complaint. Now it is up to the plaintiff to come forward with evidence that shows to a legal certainty that the amount in controversy must be less than $5 million. And here they were afforded that. But Morgan holds that you have to prove this to a legal certainty. Your Honor, it did say that. But in the context of a very important fact, in the Morgan case, the plaintiffs said in their complaint that the amount in controversy was less than $5 million. I agree with that. Under those circumstances, it would be the defendant's obligation to come in to prove to a legal certainty that the amount in controversy cannot be less than $5 million. That's not our situation. The Ninth Circuit recently said in Loudermill, it adopted the legal certainty standard. Are you saying, is the issue whether the standard should be legal certainty or whether it's the party removing who has the responsibility? Your Honor, I don't think it's the legal certainty standard at all. So you accept the fact that whoever has to, and I will use burden because we use it all the time, whoever has the burden has to prove it or disprove it by a legal certainty? I'm going to agree with Judge Altshuler that it's not the question of burden. Really, this is a question of shifting burdens. And I think that the Morgan case and the Brill case set up the situation perfectly and showed why removal was proper here. But the standard is legal certainty. Do you accept that? I do accept that, Your Honor. That's clear. That's the point. Now, Judge Slobeder has referred to the Ninth Circuit case. The Ninth Circuit case relied on our case in Morgan. So it's very important for this court to have been right in Morgan. Your Honor, I think that in the abstract... If you had your druthers speaking before us and this panel had the power, the only power we have is to make a sort of recommendation if we want to go and bang. But if you had your druthers, how would you argue that the party seeking removal has to meet a standard of legal certainty? Your Honor, let me answer your question, and then I want to make sure that I explain something. I would say that is too high a burden in all cases and in all circumstances. It is impractical. It is not consistent with both the letter and the spirit of CAFA in that we were supposed to be able to remove cases that had drastic impact on interstate commerce and had large amounts at stake. And to say at the removal stage, I've got to come in and prove to a legal certainty that the amount is absolutely going to be more than $5 million, I think is too high. But that's generally been the rule. That's been the rule not only in the Ninth Circuit and the Third, but also the Eleventh. The Eleventh. It was mentioned in Miedena v. Maytack holding that CAFA does not alter the traditional rule that the proponent of federal jurisdiction bears the burden of proving the amount of controversy. Drill was a Seventh Circuit case. So that the generally accepted rule is that the proponent, and I think you started that at the beginning. The proponent of federal jurisdiction bears what the courts have always referred to as the burden of proving the amount of controversy. Drill did not hold that. Drill held the exact opposite, saying the only time you talk about legal certainty is where the plaintiff wishes to say we do not meet the statutory limit. All the cases, every one of the cases that we have in our jurisprudence, and I'm speaking United States Courts jurisprudence, until Morgan and possibly a statement made by Judge Wise in the Samuel Bassett case. Has your research discovered any other case saying that the legal certainty test is on the person seeking removal? One step further, in any case in the Supreme Court, even considering the cases of Justice Black following the Red Cap case, it all referred to the limited situation where the plaintiff, who originally had asserted federal jurisdiction, now wants to say there is not enough. And the courts have said, look, you have to prove it's not enough. In order to establish good faith, you have to prove it by legal certainty. Am I exaggerating the case of the law? Your Honor, Judge Slaughter was right. We got this late yesterday. I think we did look at that thoroughly enough for me to say I agree with you entirely in that analysis. The one thing I did, and my time is up. May I make one quick remark, Your Honor? I'm not sure that this is the case to take on Morgan, though. And it's for the simple reason that Morgan was a case where the plaintiff joined the issue by saying the amount in controversy is not $5 million. The Brill case, on the other hand, was a situation where it was ambiguous, and there Brill articulated the correct rule, which is in those circumstances, it is the defendant that has now raised the issue, and it shifts the burden, if you will, to the plaintiff now to come in and prove that it could not be less. And that's why it's so important that they waived that. Judge Roth, in the Korean bank case, you said that the question is jurisdictional, it's procedural. It's could they have brought this case in federal court, and if they could have, then it is a procedural issue. You can't waive subject matter jurisdiction by not raising it. It's just, I mean, and I think Judge Holder, sir, would agree with that. Absolutely. I mean, subject matter jurisdiction can be raised, and I taught civil procedure, at any time until the case is finished. I completely agree, Your Honor. Can I make one more point, though? But in trying to determine whether someone has met their burden of proof, you can just say you did not, at the appropriate time, you did not come forward. The evidence, the proof that was in the record. But we're asking it now. Well, and I've told you, I've explained to you how it is that we got over the $5 million. I think that's, thank you very much. Thank you very much, Your Honor. Is that all right with you, to let him sit there? That's fine. That's fine. Okay. Thank you. Thank you. The first thing I'd like to address, Your Honor, is the issue that, the last thing that was addressed by Home Depot, which is that as far as subject matter jurisdiction, and in Brill specifically, addressing CAFA, it noted that a proponent of removal cannot leave it to an opponent to refuse the monetary basis for CAFA jurisdiction, the amount in controversy. The burden, at least according to Brill, and I apologize, Your Honor, the standard, according to Brill, is based on the fact that a plaintiff has no way of showing what the actual amount in controversy is in their own stages of litigation. And bear in mind that this case, so far, this case was dismissed at the 12B6 stage. There has been no discovery. There has been nothing that would allow us to ascertain what the actual amount in controversy is. And I submit that both Brill and Morgan are correct in keeping that burden, keeping that standard requirement with the proponent of removal. What do you want us to do? If we, what do you think this court should do? Since it does not have jurisdiction, it should simply remand the case back to state court. But we don't know whether we have jurisdiction. Why shouldn't we just send it back and let the district court have a hearing after giving whoever needs discovery, limited just to the question of amount in controversy? Is there any reason why we shouldn't do that? Honestly, I don't know there's no particular reason why that cannot be done. Mr. Crutchlow, I just want to make it clear. Now, Ruge, counsel has changed. You didn't get the change. He's not Mr. Crutchlow. He's Mr. Ellison. Ellison. Oh, I'm very, very sorry. Okay. Excuse me. What is your name, sir? Ellison, Colleen Ellison, Your Honor. All right, sir. I didn't want you to get the notion from my original questioning of you that I felt that you had a burden of proving no jurisdiction by a high standard of legal certainty because you never did assert federal jurisdiction, did you? No, Your Honor, we never did. We followed this case in state court. And so the legal certainty rule would never apply to you to establish or not establish jurisdiction. I just want to make that clear. I agree with you wholeheartedly, Your Honor. Yeah. Go ahead. You still have time if you want to use it. Actually, I think we covered just about it. I think we covered everything. And right now it's for you to say something or just be saying something so unless the defendant has any more. He's a wise man. I hope everybody in the audience realizes that. Good lawyers sometimes say, you know, I have nothing more to say. Okay, thank you. Thank you, Your Honor. We will take this interesting matter under advisement. It wasn't raised by the parties, I point out, but it was raised and responded by the court because it's an essence of federal courts that we are courts of limited jurisdiction, my little civil procedure teaching for the day. Thank you, counsel. And we will hear the next case, which is CSX Transportation Company v. Novoloff.